UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 8/13/96**

JO ANN MITCHELL, for Sanchez
Mitchell, a minor,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

       Defendant-Appellee.

No. 95-5238
(D.C. No. 94-C-162-M)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, BRIGHT,*** and KELLY, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jo Ann Mitchell, on behalf of her son Sanchez Mitchell, appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying her application for child's supplemental security income benefits. Sanchez was born on May 17, 1987, and was six-years-old at the time of the hearing before the administrative law judge (ALJ). Plaintiff contends that Sanchez has been disabled from birth due to attention deficit disorder and related hyperactivity. In an opinion that now stands as the final decision of the Secretary, the ALJ determined that Sanchez's attention deficit disorder was mild and well-controlled with Ritalin and did not constitute a severe impairment. He therefore found that Sanchez was not disabled. See 20 C.F.R. § 416.924(d). Alternatively, the ALJ found that Sanchez did not have an impairment meeting the Listing of Impairments, id. Pt. 404, Subpt. P, App. 1,

_____

*** Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

-2-

nor did he have an impairment of comparable severity to an impairment that would cause an adult to be disabled. See id. § 416.924(e) and (f).

In the district court, the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). We have jurisdiction under 28 U.S.C. § 636(c)(3), 42 U.S.C. § 405(g), and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Plaintiff first contends that the ALJ's decision that Sanchez does not have a severe impairment is not supported by substantial evidence. We have fully considered plaintiff's argument and reviewed the record, and we reject this argument for substantially the same reasons as those stated in the magistrate judge's September 7, 1995 order. Because we conclude that substantial evidence supports the ALJ's decision that Sanchez does not have a severe impairment, we need not address plaintiff's contentions that the ALJ's alternative bases for denying benefits were also flawed. See 20 C.F.R. § 416.924(b)("If your impairment(s) is not severe, we will determine that you are not disabled and not review your claim further.").

Plaintiff also contends that the ALJ failed to properly inform plaintiff concerning her right to representation and that her waiver of counsel was therefore ineffective. Again, we find this argument unpersuasive for substantially the same reasons as those stated in the magistrate judge's order.

AFFIRMED.

Entered for the Court

Myron H. Bright
Senior Circuit Judge